UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:23-CR-00185-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRENDAN ALEXANDER DELAFOSE (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss Indictment [doc. 19] filed by defendant Brendan Alexander Delafose based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). The government opposes the motion. Doc. 22.

### I.
### BACKGROUND

The government alleges that Delafose, having previously been convicted of a felony[1], was found in possession of a Glock with an automatic conversion device during a traffic stop in this divison. Accordingly, the government has charged him with one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1), and one count of possession of a machine gun, a violation of § 922(o). The former statute provides, in pertinent part, that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one

---

[1] The government contends that Delafose was previously convicted of a felony count of possessing a controlled dangerous substance and a misdemeanor count of illegally carrying a weapon. Doc. 22, pp. 2–3.

year to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). The latter prohibits the transfer or possession of a machine gun by "any person," subject to certain exceptions for state/government employees and machine guns lawfully possessed before the statute's enactment. *Id.* at § 922(o).

Defendant asserts that the Supreme Court's decision in *Bruen* initiated a "sea change" in Second Amendment jurisprudence and renders §§ 922(g)(1) and 922(o) unconstitutional. Accordingly, he moves for dismissal of the indictment. Doc. 19. The government opposes the motion, arguing that nothing in *Bruen* calls into question felon-dispossession statutes or restrictions on particularly dangerous weapons, like machine guns. Doc. 22.

## II.
## LAW & APPLICATION

The Second Amendment challenge in *Bruen* involved a New York licensing regime under which an applicant for a public carry handgun license must demonstrate a special need for self-defense. The Court rejected that standard, expanding on *D.C. v. Heller* to hold that the Second Amendment protected an individual's right to possess a gun outside the home as well as inside it. 142 S.Ct. at 2122–23. But both the Supreme Court and the Fifth Circuit have affirmed the constitutionality of § 922(g)(1)'s prohibition on a felon's possession of firearms under *Heller*.[2] The expansion of Second Amendment protections to

---

[2] *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (holding that § 922(g)(1) "does not violate the Second Amendment"); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (noting historical limits on the rights secured by the Second Amendment, and emphasizing that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reaffirming constitutionality of § 922(g)(1) in light of *Heller*).

public carry rights for law-abiding citizens therefore provides no basis for revisiting § 922(g)(1), which forbids felons from possessing a firearm with no restriction as to place. *Accord Shipley v. Hijar*, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023); *see United States v. Coleman*, 2023 WL 5925544 (5th Cir. 2023) (denying a certificate of appealability on a *Bruen* § 2255 motion following a § 922(g) conviction). This court therefore joins with over a hundred others in the Fifth Circuit in rejecting defendant's constitutional challenge to his § 922(g)(1) charge. *See United States v. Bazile*, 2023 WL 7112833, at *3–*4 (E.D. La. Oct. 27, 2023) (collecting cases).

As for the § 922(o) charge, the Court emphasized in *Heller* that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizen for lawful purposes, such as short-barreled shotguns." 554 U.S. at 625. The Fifth Circuit subsequently held that machine guns are not protected by the Second Amendment because "they are dangerous and unusual and therefore not in common use." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). As with felon dispossession, the court can find nothing in *Bruen* that calls into question longstanding restrictions on ownership of particular types of dangerous weapons. Accordingly, defendant's challenge to his machine gun possession charge likewise fails.

## III.
### CONCLUSION

For the reasons stated above, the court will **DENY** the Motion to Dismiss Indictment [doc. 19].

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE